UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND; and BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND<br><br>Plaintiffs,<br><br>v.<br><br>ST. CHRISTOPHER'S CONVALESCENT HOSPITAL,<br><br>Defendant. | ANSWER TO COMPLAINT<br><br>Case No. 1:05CV02172<br><br>JUDGE: ROYCE C. LAMBERTH |

## ANSWER TO COMPLAINT

Defendant ST. CHRISTOPHER'S CARE CENTER, INC. (formerly known as St. Christopher's Convalescent Hospital, Inc.), a California corporation, answers the Complaint of Plaintiffs SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSION FUND; and BOARD OF TRUSTEES OF THE SERVICE EMPLOYEES INTERNATIONAL UNION NATIONAL INDUSTRY PENSIONS FUND, and the individual paragraphs therein, as set forth below. Any allegation not explicitly admitted is hereby denied.

## ANSWER TO "INTRODUCTION"

1.     Paragraph 1 is a statement of Plaintiffs' legal position which does not require a response. Notwithstanding the foregoing, Defendant denies each and every part of Paragraph 1 to the extent that they contain any express or implied allegation of fact or liability with respect to Defendant.

1

### ANSWER TO ALLEGATIONS REGARDING "JURISDICTION AND VENUE"

2. Answering Paragraph 2, Defendant admits that that jurisdiction in this Court is permissible under 28 U.S.C. §1332(e) and (f). Defendant further admits that venue is permissible under 28 U.S.C. §1332(e). Defendant denies each and every remaining allegation contained in Paragraph 2.

3. Defendant denies each and every allegation contained in Paragraph 3.

### ANSWER TO ALLEGATIONS REGARDING THE "PARTIES"

4. Defendant admits the allegations of Paragraph 4 on information and belief, and expressly reserves the right to amend its answer.

5. Defendant admits the allegations of Paragraph 5 on information and belief, and expressly reserves the right to amend its answer.

6. Defendant admits the allegations of Paragraph 6 on information and belief, and expressly reserves the right to amend its answer.

7. Answering Paragraph 7, Defendant admits that St. Christopher's Care Center, Inc. is an employer affecting commerce within the meaning of Section 3(5), 3(11) and 3(12) of ERISA, 29 U.S.C. §§ 1002(5), (11) and (12), and Section 2(2), (6) and (7) of the LMRA, 29 U.S.C. §152(2), (6) and (7).

8. Answering Paragraph 8, Defendant admits that St. Christopher's Care Center, Inc. is a corporation registered in the State of California, and maintains offices at 22822 Myrtle Street, Hayward, CA 94541.

### ANSWER TO ALLEGATIONS REGARDING "STATEMENT OF CLAIM"

9. Defendant denies each and every allegation contained in Paragraph 9.

10. Answering Paragraph 10, Defendant admits that, at certain relevant times, it has been a party to a collective bargaining agreement ("Agreement") with the Local Union covering Defendant's employees, within the meaning of ERISA, 29 U.S.C. §1145; Defendant further admits, this Agreement was also a contract between an employer and a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. §185.

Defendant denies each and every remaining allegation contained in Paragraph 10.

11. Answering Paragraph 11, Defendant admits that the Agreement required the Defendant to contribute to the Pension Fund for specified rates and specified hours. Defendant denies each and every remaining allegation contained in Paragraph 11.

12. Defendant admits the allegations contained in Paragraph 12.

13. Answering Paragraph 13, Defendant admits that, at certain relevant times, Defendant was obligated to make contributions to the Pension Fund, pursuant to the Agreement. Defendant denies each and every remaining allegation contained therein.

14. Answering Paragraph 14, Defendant admits that, pursuant to the Agreement, Defendant was obligated to submit complete remittance reports to the Pension Fund, with its contributions, pursuant to the Agreement. Defendant lacks sufficient information to form a belief as to the truth or veracity of the remaining allegations and therefore denies each and every remaining allegation contained therein.

15. Answering Paragraph 15, Defendant lacks sufficient information to form a belief as to the truth or veracity of the allegations contained therein, and therefore denies each and every allegation contained therein.

16. Defendant denies each and every allegation contained in Paragraph 16.

17. Defendant denies each and every allegation contained in Paragraph 17.

18. Defendant denies each and every allegation contained in Paragraph 18.

**ANSWER TO PLAINTIFF'S "PRAYER FOR RELIEF"**

Answering paragraphs A-E, these paragraphs are statements of Plaintiffs' legal position and do not require a response. Notwithstanding the preceding, Defendant denies that the Plaintiffs, are entitled to any damages, injunctive relief, or any other remedy as a result of the allegations made in the Complaint.

//

//

//

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint as a whole, and each and every cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over that portion of Plaintiffs' claims when Defendant was not a party to, or otherwise bound by, any collective bargaining agreement requiring contributions to Plaintiff Pension Fund. Plaintiffs' exclusive remedy, if any, for that time period is pursuant to the unfair labor practice provisions of the National Labor Relations Act, 29 U.S.C. § 158(a).

### THIRD AFFIRMATIVE DEFENSE

That portion of Plaintiffs' claims which occurred prior to May 4, 2005 where no valid collective bargaining agreement was in effect is barred by the six-month statute of limitations contained in Section 10(b) of the National Labor Relations Act, as amended, 29 U.S.C. §160(b).

### FOURTH AFFIRMATIVE DEFENSE

Any claim for relief is barred by the equitable doctrine of estoppel in that Plaintiffs failed to provide Defendant timely remittance reports and thereafter refused to accept certain payments tendered by Defendant as timely.

### FIFTH AFFIRMATIVE DEFENSE

Any claim for relief is barred by the equitable doctrine of unclean hands in that Plaintiffs failed to provide Defendant timely remittance reports and thereafter refused to accept certain payments tendered by Defendant as timely.

### SIXTH AFFIRMATIVE DEFENSE

Any claim for relief is barred by the equitable doctrine of waiver in that Plaintiffs failed to provide Defendant timely remittance reports and thereafter refused to accept certain payments tendered by Defendant as timely.

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiffs take nothing herein;

2. For dismissal of the Complaint in its entirety with prejudice;

3. For reasonable attorneys' fees;

4. For the costs of suit herein; and

5. For such other and further relief as the Court may deem just and proper.


Dated:  December 19, 2005                    JACKSON LEWIS LLP


By: __/s/_____
    Tyler A. Brown (D.C. Bar No. 480693)
    8614 Westwood Center Drive
    Suite 950
    Vienna, Virginia 22182
    (703) 821-2189
    (703) 821-2267 (fax)
    Attorneys for Defendant St. Christopher's Care Center, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of December, 2005, a copy of the foregoing *Answer to Complaint* was mailed, first-class mail, postage prepaid, to:

>Eunice H. Washington
>SEIU Benefit Funds Legal Department
>1313 L Street, N.W.
>Washington, DC 20005

/s/
Tyler A. Brown